UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALFRED USHER,<br><br>          Plaintiff,<br><br>    v.<br><br>SOSA, Deputy Officer at Kern County Sheriff's Office,<br><br>          Defendant. | Case No. 1:22-cv-00023-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS**<br><br>**21-DAY DEADLINE** |

Plaintiff Thomas Alfred Usher is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On February 16, 2023, the Court issued its First Screening Order. (Doc. 5.) The Court determined Plaintiff's complaint failed to state a claim upon which relief could be granted. (*Id*. at 3-5.) The Court directed Plaintiff to file a first amended complaint curing the deficiencies identified in the order or to file a notice of voluntary dismissal, within 21 days of service of the order. (*Id*. at 5.)

Although 21 days have now passed without a response from Plaintiff, the Court notes a February 24, 2023, docket entry reflects Plaintiff did not receive the first screening order because it was returned by the United States Postal Service marked "Undeliverable, Not in Custody." (Docket Entry dated 2/24/23.)

## II.     DISCUSSION AND ORDER

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective."

Plaintiff has failed to obey the Court's February 16, 2023, screening order requiring him to file either a first amended complaint or a notice of voluntary dismissal within 21 days of service of that order. Plaintiff has also failed to keep the Court apprised of his current address.[1]

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to keep the Court apprised of his current address and for his failure to comply with the Court's order of February 16, 2023. Alternatively, within that same time, Plaintiff may file either a first amended complaint or a notice of voluntary dismissal *and* a Notice of Change of Address.

//

//

//

---

[1] Plaintiff's address on file with the Court is "Thomas Alfred Usher, SO2305387, Kern County Jail, 17695 Industrial Farm Road, Bakersfield, CA 93308."

**WARNING: <u>Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.</u>**

IT IS SO ORDERED.

Dated:  **March 27, 2023**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE