UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALFRED USHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOSA, Deputy Officer at Kern County Sheriff's Office,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00023-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Thomas Alfred Usher is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

In its First Screening Order issued February 16, 2023, the Court determined Plaintiff's complaint failed to state a claim upon which relief could be granted. (Doc. 5 at 3-5.) The Court directed Plaintiff to file a first amended complaint curing the deficiencies identified in the order, or to file a notice of voluntary dismissal. (*Id*. at 5.) Plaintiff was to do so within 21 days of service of the order. (*Id*.)

On February 24, 2023, the screening order was returned to the Court by the United States Postal Service marked "Undeliverable" and "Not in Custody." (*See* Docket Entry of 2/24/23.)

//

On March 28, 2023, the Court issued its Order To Show Cause (OSC) Why Action Should Not Be Dismissed For Failure To Obey Court Orders. (Doc. 6.) Plaintiff was ordered to show cause in writing, within 21 days, why the action should not be dismissed for his failure to keep the Court apprised of his current address and for his failure to comply with the screening order. (*Id*. at 2.) Alternatively, Plaintiff was advised he could file either a first amended complaint or a notice of voluntary dismissal, and a notice of change of address, within that same time. (*Id*.)

On April 10, 2023, the OSC was returned to the Court by the United States Postal Service marked "Undeliverable, Refused." (*See* Docket Entry dated 4/10/23.)

## II.    DISCUSSION

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective."

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Carey v. King*, 856 F.2d

1439, 1440 (9th Cir. 1988).

*Analysis*

Here, Plaintiff has failed to file an amended complaint or, alternatively, to file a notice of voluntary dismissal. Plaintiff has also failed to keep the Court apprised of his current address. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's First Screening Order issued February 16, 2023. (Doc. 5.) The Court determined Plaintiff had failed to state any claim upon which relief could be granted. (*Id*. at 3-5.) Plaintiff was ordered to file a first amended complaint, curing the deficiencies identified in the Order, within 21 days. (*Id*. 5.) Alternatively, Plaintiff could file a notice of voluntary dismissal. (*Id*.) Plaintiff has failed to file a first amended complaint or a notice of voluntary dismissal. Plaintiff has also failed to respond to the OSC issued March 28, 2023. (Doc. 6.) Despite the return of both the screening order and the OSC by the United States Postal Service, service of this Court's orders is fully effective. *See* Local Rule 182(f). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file an amended complaint or a notice of voluntary dismissal, Plaintiff is not moving this case forward and is impeding its progress. Further, Plaintiff's failure

1 to keep the Court apprised of his current address is impeding the progress of this case. Without a
2 current address, as evidenced by the United States Postal Services' return of orders served by the
3 Court, communication is impossible. Thus, the fourth factor—the public policy favoring
4 disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

5     Finally, the Court's warning to a party that failure to obey the court's order will result in
6 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
7 Here, the First Screening Order issued February 15, 2023, cautioned: "**If Plaintiff fails to comply**
8 **with this order, the Court will recommend that this action be dismissed without prejudice**
9 **for a failure to obey a Court order**." (Doc. 5 at 6.) In the OSC issued March 28, 2023, the Court
10 stated: "**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a**
11 **recommendation that this action be dismissed without prejudice for Plaintiff's failure to**
12 **obey court orders and failure to prosecute**." (Doc. 6 at 3.) The Court's First Informational
13 Order in Prisoner/Civil Detainee Civil Rights Case issued January 6, 2022, also advised Plaintiff
14 in relevant part: "In litigating this action, the parties must comply with this Order, the Federal
15 Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District
16 Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so
17 comply will be grounds for imposition of sanctions which may include dismissal of the case.
18 Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1; *see also id*. at 5 [VIII. Current Address
19 Required].) Thus, Plaintiff had adequate warning that dismissal could result from his
20 noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs
21 in favor of dismissal. *Carey*, 856 F.2d at 1440.

22     In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed
23 to prosecute this action.

24     **III.   CONCLUSION AND RECOMMENDATIONS**

25     The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.
26     For the reasons given above, the undersigned **RECOMMENDS** that this action be
27 DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.
28     These Findings and Recommendations will be submitted to the district judge assigned to

this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 24, 2023**                              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE

5